**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
|  | * |  |
| **IN RE VILLANUEVA** | * |  |
|  | * | Case No.: RWT 09cv1443 |
|  | * |  |
|  | * |  |

## MEMORANDUM OPINION

Daniel A. Villanueva ("Appellant"), acting pro se, seeks review of the denial of Appellant's motion to stay the dismissal of his Chapter 13 case pending appeal and of the denial of his request for appointment of pro bono representation by the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). See In re Villanueva, No. 08-20646, 2009 WL 2928496, at *1 (Bankr. D. Md. June 5, 2009). Because the Bankruptcy Court did not err in denying the stay nor in denying Appellant's request for appointment of pro bono counsel, this Court affirms.

## BACKGROUND

On August 9, 2007, Appellant, acting pro se, filed a Chapter 13 case, initiating Case No. 07-17458, which was converted to a Chapter 7 case by order dated December 27, 2007 (hereinafter, "the Chapter 7 case").[1] In re Villanueva, 2009 WL 2928496, at *1. The Bankruptcy Court requested John R. Burns to serve as Appellant's counsel pro bono, and Mr. Burns agreed. Id. Although Appellant was granted a discharge in the Chapter 7 case by order dated March 31, 2008, the Chapter 7 case remains open with several pending matters. Id.

---

[1] Chapter 13 of the Bankruptcy Code provides for adjustment of debts of an individual with regular income, whereas Chapter 7 provides for liquidation, or the sale of a debtor's property and the distribution of the proceeds to creditors.

On August 20, 2008, Mr. Burns filed on Appellant's behalf a Chapter 13 case, initiating Case No. 08-20646 (hereinafter, "the Chapter 13 case"). Id.  After submitting to the Bankruptcy Court a payment plan, on October 13, 2008, Mr. Burns filed a complaint against Washington Mutual Bank, initiating Adversary Proceeding No. 08-749. Id. at *2.  The central relief sought in the complaint was a determination that Washington Mutual Bank did not hold a lien against real property owned by Appellant because the Bank allegedly failed to properly record its deed of trust. Id.  On November 13, 2008, Washington Mutual Bank filed a motion to dismiss the Chapter 13 case for which a hearing was scheduled on May 12, 2009. Id.

Meanwhile, on February 27, 2009, Mr. Burns filed a motion to withdraw from representation as to all pending matters.  The Bankruptcy Court entered an order approving Mr. Burns's withdrawal in his Chapter 13 case on March 16, 2009, and in his Chapter 7 case on April 9, 2009.  Subsequently, Appellant filed motions and appeared at hearings pro se, although he apparently received assistance from an allegedly disbarred attorney named Victor Sparrow. See In re Villanueva, 2009 WL 2928496, at *5.  Appellant also filed requests seeking appointment of pro bono counsel with respect to his Chapter 7 case, which the Bankruptcy Court ultimately denied.  See Order Denying in Part Motion for Appointment of Pro Bono Counsel, In re Villanueva, No. 07-17458 (Bankr. D. Md. July 7, 2009) ("July 7, 2009 Order").

On May 12, 2009, the Bankruptcy Court held a hearing on Washington Mutual Bank's motion to dismiss and orally dismissed the case. In re Villanueva, 2009 WL 2928496, at *3. Afterwards, Appellant filed a motion to stay the dismissal pending appeal, which the Bankruptcy Court denied on June 5, 2009. Id.  In its denial of stay, the Bankruptcy Court explained that Appellant could not establish any of the factors required for imposition of a stay pending his appeal. Id.  Specifically, the Court concluded that for several independent reasons, Appellant

could not establish likelihood of success on appeal, that Appellant failed to show he would suffer irreparable harm, that Washington Mutual Bank would be substantially harmed by a stay, and that the public interest would be served by denying the request. Id. at *3–5.

The Bankruptcy Court also addressed Appellant's request made orally at the hearing that the Court appoint him pro bono counsel in his Chapter 13 case. Id. at *5. The Bankruptcy Court denied his request for two reasons. First, the Bankruptcy Court explained, "it is well established that there is no right to the appointment of counsel in a civil matter." Id. (citing Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968)). Second, the Bankruptcy Court continued, "the dismissal of this case is so patently warranted on the facts that the Court cannot conclude that the involvement of pro bono counsel would have any effect on the outcome." Id.

In a footnote, the Bankruptcy Court also noted a "dispute" concerning the representation arrangement between Appellant and Mr. Burns. Id. n.3. The dispute involves Appellant's allegation that Mr. Burns, despite agreeing to represent him on a pro bono basis, required Appellant to pay thousands of dollars in value (in the form of contracting and plumbing services) for his legal services. See July 7, 2009 Order, at 4. The Bankruptcy Court issued an Order to Show Cause to Mr. Burns to address these allegations (Bankruptcy Paper No. 301), and the Office of the United States Trustee is investigating this allegation. Since then, the Bankruptcy Court has held multiple status and scheduling conferences on the show cause order.

On June 2, 2009, Appellant filed a notice of appeal from the order denying him a stay of the dismissal of the Chapter 13 case. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

**DISCUSSION**

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed <u>de novo</u>, and findings of fact may be set aside only if clearly erroneous. <u>See</u> <u>In re Banks</u>, 299 F.3d 296, 300 (4th Cir. 2002).

Appellant contends that the Bankruptcy Court erred in denying his motion to stay the dismissal of his Chapter 13 case and in denying his motion requesting <u>pro bono</u> representation.[2] First, Appellant contends that Mr. Burns made decisions in his Chapter 13 case, which were not in Appellant's best interest. <u>See</u> Appellant's Br. ¶ 16 ("I am no longer able to conclude that my own best interests . . . have been, are, or will be adequately presented."); <u>see also</u> <u>id.</u> ¶ 20 ("I was taken advantage of by Mr. Burns, whose motives were, at best, mixed."). In essence, Appellant argues that the dismissal of the Chapter 13 case should be attributed to failures of counsel, and that the dismissal should be stayed until an investigation into Mr. Burns's representation is complete. Second, Appellant contends that the Bankruptcy Court abused its discretion in denying him an appointment of new <u>pro bono</u> counsel for his Chapter 13 case after Mr. Burns's withdrew. <u>See</u> <u>id.</u> ¶ 20 ("The Court has an obligation to appoint counsel when questions have arisen regarding the activities of former Court-appointed counsel . . . ."); <u>see also</u> <u>id.</u> ¶ 17 ("I lack the skills required to represent myself as well as the funds or resources to obtain private bankruptcy counsel in the prosecution of this case . . . .").

Addressing Appellant's first contention, the Court concludes that the Bankruptcy Court did not err in denying Appellant's motion to stay the dismissal of the Chapter 13 case. Appellant

---

[2] Appellant also seemingly contends that the Bankruptcy Court erred in denying him appointment of <u>pro bono</u> counsel in pursuit of his claims against Mr. Burns. This contention is not properly before this Court for a variety of reasons, one of which being that the Bankruptcy Court deferred its decision whether to request the assistance of new counsel for Appellant to pursue his claims against Mr. Burns until the Office of the United States Trustee completed its ongoing investigation and submitted its final report. <u>See</u> <u>July 7, 2009 Order</u>, at 7.

has not pointed to any specific error committed by Mr. Burns during the course of his Chapter 13 case. Furthermore, the Bankruptcy Court found that "Mr. Burns actively and vigorously represented [Appellant] in two bankruptcy cases and three adversary proceedings," and "[a]t no time" missed deadlines or allowed matters to languish. July 7, 2009 Order, at 5. Given these findings, this Court concludes that the Bankruptcy Court did not err in denying Appellant's motion to stay the dismissal pending appeal.

Addressing Appellant's second contention, the Court sees no error in the Bankruptcy Court's denial of new pro bono representation for prosecution of his Chapter 13 case. As the Bankruptcy Court explained, the decision to appoint pro bono counsel is discretionary. See July 7, 2009 Order, at 4; In re Villanueva, 2009 WL 2928496, at *5; see also Bowman, 388 F.2d at 761. After setting forth five independent factors all supporting dismissal of Appellant's Chapter 13 case, the Bankruptcy Court concluded that pro bono representation would not change the fact that dismissal of Appellant's Chapter 13 case was inevitable. In re Villanueva, 2009 WL 2928496, at *3–5. Under these circumstances, the Court concludes that the Bankruptcy Court did not abuse its discretion in denying Appellant's request for appointment of pro bono counsel.

For the foregoing reasons, this Court affirms, by separate Order, the Bankruptcy Court's Order Denying Motion To Stay Pending Appeal (Paper No. 4).

Date: October 15, 2009

                                        /s/
                                  ROGER W. TITUS
                         UNITED STATES DISTRICT JUDGE